**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. <u>14-80114-CR-HURLEY /HOPKINS</u>

18 U.S.C. § 371
18 U.S.C. § 641
18 U.S.C. § 1343
18 U.S.C. § 1028A(a)(1)
18 U.S.C. § 1623(a)

FILED by ___ D.C.

JUL 15 2014

STEVEN M. LARIMORE
CLERK U. S. DIST. CT.
S. D. of FLA. – W.P.B.

**UNITED STATES OF AMERICA**

**vs.**

**LUKNER BLANC,**
**FRANK FLEUZINORD,**
**JEAN JUSTE,**
**a/k/a "Junior,"**
**a/k/a "Shorty,"**
**BENOIT PLACIDE,**
**a/k/a "Snow,"**
**a/k/a "Mario,"**
**SHELDA PHADAEL,**
**MARIE CLAUDE, and**
**MARIE DEMESYEUX,**

**Defendants.**

_____/

**INDICTMENT**

The Grand Jury charges that:

**GENERAL ALLEGATIONS**

At all times relevant to this Indictment:

1.     The Internal Revenue Service ("IRS") was an agency of the United States Department of Treasury responsible for enforcing and administering the tax laws of the United States and collecting taxes owed to the United States.

2.     The IRS allowed United States individual taxpayers to file their tax returns electronically ("e-file") by filing online directly using the internet by means of interstate wire communication or through a tax preparation business.

**Count 1**
Conspiracy to Receive, Conceal and Retain Monies Stolen from the United States
(18 U.S.C. §371)

3.  The General Allegations section of this indictment is re-alleged as though fully stated herein.

4.   Beginning as early as February 2012,  the exact date being unknown to the Grand Jury, through in or  about November 2012,  in  Palm Beach County,  in  the  Southern  District of  Florida,  and elsewhere, the defendants,

**LUKNER BLANC,**
**FRANK FLEUZINORD,**
**JEAN JUSTE,**
**a/k/a "Junior,"**
**a/k/a "Shorty,"**
**BENOIT PLACIDE,**
**a/k/a "Snow,"**
**a/k/a "Mario,"**
**SHELDA PHADAEL,**
**MARIE CLAUDE, and**
**MARIE DEMESYEUX,**

did knowingly and willfully combine, conspire, confederate, and agree with each other and with persons known and unknown to the Grand Jury to commit  an offense  against  the United States, that is, to receive, conceal, and retain, with the intent to convert to their own use and gain, money of the United States and of a department  and agency thereof,  the aggregate amount  of which

2

exceeded $1,000, that is, United States Department of Treasury federal income tax refunds, knowing the same to have been stolen, purloined and converted, in violation of Title 18, United States Code, Section 641.

## OBJECT OF THE CONSPIRACY

5.      It was an object of the conspiracy that the defendants and their co-conspirators would and did unjustly enrich themselves and attempt to enrich themselves by stealing the identities of real persons, that is, names, dates of birth, and Social Security account numbers, and then using such information to file fraudulent federal income tax returns by wire, that is, online over the internet.

6.      It was further the object of the conspiracy that the defendants and their co-conspirators would and did enrich themselves by receiving, concealing and retaining with the intent to convert to their own use or gain, monies stolen from the United States, that is fraudulently obtained federal income tax refunds, knowing the same to have been stolen, purloined or converted.

## MANNER AND MEANS

The manner and means by which the defendants and their co-conspirators sought to accomplish the object of the conspiracy, included the following:

7. The defendants and their co-conspirators opened personal bank accounts that were utilized to receive fraudulent federal income tax refunds by wire, and they also acquired debit cards for these accounts to enable them to access the stolen monies.

8. The defendants and their co-conspirators purchased and caused to be purchased pre-paid debit cards that were utilized or intended to be utilized as the ultimate recipient of fraudulent federal income tax refunds.

9. After bank accounts had been opened and pre-paid debit cards purchased, the defendants and their co-conspirators stole personal identifying information of real persons and using such information, caused fraudulent federal personal income tax returns to be submitted by wire to the IRS. In filing the fraudulent federal personal income tax returns, the defendants and their co-conspirators directed the IRS to send the fraudulent refunds by wire to the bank accounts and to the debit cards that had been established for that purpose.

10. After the fraudulent IRS refunds were sent by wire to the bank accounts and debit cards, the defendants and their co-conspirators caused the monies to be converted to their own use by withdrawing the funds at automatic teller machines ("ATMs") and point of sale electronic terminals at various retail establishments both inside and outside of the Southern District of Florida using debit cards tied to the different accounts containing the stolen monies.

<u>OVERT ACTS</u>

In furtherance of the conspiracy and to effect the objects therefo, at least one of the co-conspirators committed and caused to be committed, in the Southern District of Florida, and elsewhere, at least one of the following overt acts, among others:

11. On or about September 4, 2012, **SHELDA PHADAEL** allowed her bank account at TD Bank ending in 6727 to be used to receive a fraudulent federal income tax refund by wire.

12. On or about September 5, 2012, **FRANK FLEUZINORD** traveled to Palm Beach County with persons known to the Grand Jury , that is, persons A and B, for the purpose of opening bank accounts that were later utilized to receive fraudulent federal income tax refunds by wire.

13. On or about September 5, 2012, **FRANK FLEUZINORD** asked person A, a person known to the Grand Jury, to open a TD Bank checking account in Palm Beach County, FL, that

is, an account ending in 1273 which was subsequently utilized to receive fraudulent federal income tax refunds by wire.

14.   On or about September 5, 2012, **FRANK FLEUZINORD** asked person B, a person known to the Grand Jury, to open a TD Bank checking account in Palm Beach County, FL, that is, an account ending in 1281, which was subsequently utilized to receive fraudulent federal income tax refunds by wire.

15. On or about September 5, 2012, **FRANK FLEUZINORD** asked person B, a person known to the Grand Jury to open a checking account at Wells Fargo, that is, an account ending in 0977, in Palm Beach County, FL which was subsequently utilized to receive fraudulent federal income tax refunds by wire.

16.   On or about September 5, 2012, **FRANK FLEUZINORD** traveled to West Palm Beach, in Palm Beach County, and provided bank account information to a third person that had been given to **FLEUZINORD**  by persons A and B, persons known to the Grand Jury, which bank accounts were subsequently utilized to receive fraudulent federal income tax refunds by wire.

17.  On or about September 12, 2012, **MARIE DEMESYEUX** opened a bank account in her name at TD Bank in the Southern District of Florida, that is, an account ending in 5560, for the purpose of receiving fraudulent federal income tax refunds by wire.

18.  Between September 12, 2012 and September 13, 2012, **JEAN JUSTE** caused the electronic filing of multiple fraudulent federal income tax returns with the IRS over the internet and directed that the IRS deposit the claimed refund monies into the TD Bank account of **MARIE DEMESYEUX**.

19.   On or about September 12, 2012, in the Southern District of Florida,  **JEAN JUSTE** opened a bank account in his own name at TD Bank ending in 5042 which was subsequently utilized for the purpose of receiving fraudulent federal income tax refunds by wire.

20.   On or about September 12, 2012, **JEAN JUSTE** caused multiple fraudulent federal income tax returns to be filed over the internet with the IRS and directed the IRS to send fraudulent refunds, that is, monies stolen from the United States, to **JUSTE's** TD Bank bank account ending in 5042.

21.   On or about September 18, 2012, **MARIE CLAUDE** opened a bank account in her name, that is, an account ending in 0147, at Regions Bank in the Southern District of Florida for the purpose of receiving fraudulent federal income tax refunds by wire.

22.   On or about September 19, 2012 **JEAN JUSTE** caused the electronic filing of multiple fraudulent federal income tax returns with the IRS over the internet and directed that the IRS deposit the claimed refund monies into the Regions Bank account of **MARIE CLAUDE** ending in 0147 by wire.

23.   On or about October 11, 2012, **SHELDA PHADAEL** opened a Chase Liquid bank account in her name, that is, an account ending in 2360, at Chase Bank in Palm Beach County which was utilized to receive fraudulent federal income tax refunds by wire.

24.   On or about October 11, 2012, **FRANK FLEUZINORD** asked person C a  person known to the Grand Jury, to open a Chase Liquid checking account, at Chase Bank, in C's name, that is, an account ending in 7370, and a second account ending in 0250, which were utilized to receive fraudulent federal income tax refunds by wire.

25.   On or about October 12, 2012, **FRANK FLEUZINORD** asked person A, a person known to the Grand Jury, to open a Chase Liquid checking account in A's name,  that is, an

account ending in 1820, which was subsequently utilized to receive fraudulent federal income tax refunds by wire.

26.     On or about October 12, 2012, **FRANK FLEUZINORD** asked person D, known to the Grand Jury, to open  a Chase Liquid checking account in D's name, that is, an account ending in 3791, which was subsequently utilized to receive fraudulent federal income tax refunds by wire.

27.     On or about October 24, 2012, **BENOIT PLACIDE** allowed his checking account in his name at PNC Bank ending in 3839, to receive fraudulent federal income tax refunds by wire.

28.   On or about October 24, 2012, **BENOIT PLACIDE** transferred $7,500 in stolen federal income tax refunds from **BENOIT PLACIDE's** PNC Bank checking account ending in 3839 to **PLACIDE's** PNC Bank savings account ending in 3855.

29.     On or about October 25, 2012, **FRANK FLEUZINORD** asked person E, a person known to the Grand Jury, to open two Chase Liquid checking accounts in E's name, that is, accounts ending in 8930 and 0010, which were subsequently utilized to receive fraudulent federal income tax refunds by wire.

30.     Between on or about October 29, 2012 and November 2, 2012, **LUKNER BLANC** instructed **JEAN JUSTE, BENOIT PLACIDE** and other persons known and unknown to the Grand Jury to take affirmative steps to hide and conceal from law enforcement evidence of their continuing involvement in the conspiracy, and to assist him in gathering additional monies stolen from the United States.

31.     On October 30, 2012 in Palm Beach County, **LUKNER BLANC** instructed a person known to the Grand Jury that he (**LUKNER**) gave "Junior" (**JUSTE**) twenty-seven

"bibles" (debit cards) and to check to see if the "verses'" (fraudulent federal income tax refunds) were on them.

32.  On October 30, 2012, in Palm Beach County, **LUKNER BLANC** had a conversation with an unindicted co-conspirator in which she told **BLANC** that "Shorty" (**JUSTE**) came, that seventeen (17) were good, ten (10) weren't, and so she gave him (**JUSTE**) the ten back to fix.

33.  On October 30, 2012, in Palm Beach County, **LUKNER BLANC** instructed an unindicted co-conspirator known to the Grand Jury to check "them,"  (referring to double checking that the fraudulent income tax refunds were on the debit cards).

34.  On or about October 30, 2012, in Palm Beach County, **LUKNER BLANC** instructed an unindicted co-conspirator known to the Grand Jury to call "Mario" and tell him to instruct the people to report their cards lost.

35.  On or about October 30, 2012, **FRANK FLEUZINORD** contacted person C, a person known to the Grand Jury, and instructed C to report lost debit cards for accounts ending in 7370  and 0250 at Chase Bank, and to transfer funds from those accounts into two new bank accounts.

36.  On October 31, 2012, in Palm Beach County, **LUKNER BLANC** instructed "Junior" (**JUSTE**) on which dates of birth worked best to file fraudulent federal income tax returns.

37.  On October 31, 2012, in Palm Beach County, **LUKNER BLANC** instructed "Snow" (**PLACIDE**) to tell "F" (**FLEUZINORD**) to "order more" (debit cards) because "others" were lost.

38.  On or about November 2, 2012, **JEAN JUSTE** concealed computers, Western Union debit cards and bank debit cards in his residence, all of which contained evidence of the

8

electronic filing and preparation of fraudulent federal income tax returns, and the receipt and concealment of fraudulent federal income tax refunds.

39.     On or about November 3, 2012, **LUKNER BLANC** instructed **SHELDA PHADAEL** to report her bank debit card as "lost" and to order another card, and to withdraw $3,000 for him and $3,000 for herself.

40.  On or about November 5, 2012, **SHELDA PHADAEL** visited a JP Morgan/Chase branch office and attempted to withdraw monies in her account consisting of funds stolen from the United States, that is, fraudulent federal income tax refunds.

All in violation of Title 18, United States Code, Section 371.

**Counts 2-6**
Receiving, Concealing and Retaining Monies Stolen from the United States
(18 U.S.C. §641)

41. On or about the dates set forth as to each count below, in Palm Beach and Broward Counties, in the Southern District of Florida, and elsewhere, the defendant listed as to each count below did knowingly and willfully receive, conceal, and retain stolen property of the United States, that is,  tax refunds as set forth below, issued by the IRS, the aggregate value of all such counts exceeding $1,000, with the intent to convert said refunds to his or her own use and knowing that said refunds had been stolen from the United States:

| COUNT | DATES | DEFENDANT | AMOUNT |
|---|---|---|---|
| 2 | February 29, 2012 | Lukner Blanc | $7,070 |
| 3 | September 12, 2012 | Shelda Phadael | $1,484 |
| 4 | September 26, 2012 | Jean Juste | $2,005 |
| 5 | October 24 - 29, 2012 | Lukner Blanc | $5,699 |
| 6 | October 24 - 29, 2012 | Lukner Blanc | $8,521 |

All in violation of Title 18, United States Code, Sections 641 and 2.

**Counts 7 - 10**
Aggravated Identity Theft Related to Theft of Government Monies
(18 U.S.C. §1028A(a)(1))

42.  On or about the dates set forth as to each count below, in Palm Beach County, in the Southern District of Florida, and elsewhere, the defendant identified as to each count below, during and in relation to a felony violation of Title 18, United States Code, Section 641, that is, the receipt, concealment and retention of stolen government funds with the intent to convert such to his own use, knowing such funds had been stolen from the United States, did knowingly transfer, possess, and use, without lawful authority, the means of identification of another person, that is, the customer name and debit card number as listed in each count below:

| COUNT | DATE | DEFENDANT | MEANS OF IDENTIFICATION |
|---|---|---|---|
| 7 | October 24 - 29, 2012 | LUKNER BLANC FRANK FLEUZINORD | Chase Liquid debit card ending in #8461 in the name of person C, a person known to the Grand Jury |

| COUNT | DATE | DEFENDANT | MEANS OF IDENTIFICATION |
|-------|------|-----------|-------------------------|
| 8 | October 24 - 29, 2012 | **LUKNER BLANC FRANK FLEUZINORD** | Chase Liquid debit card ending in #8192 in the name of person C, a person known to the Grand Jury |
| 9 | October 29, 2012 | **LUKNER BLANC** | Chase Liquid debit card ending in #1330 in the name of Shelda Phadael |
| 10 | October 29, 2012 | **LUKNER BLANC** | PNC debit card ending in #5076 in the name of Benoit Placide |

All in violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.

## Counts 11 - 15
Wire Fraud
(18 U.S.C. §1343)

43.     The General Allegations section of this Indictment is incorporated by reference as though fully stated herein.

44.     On or about the dates specified as to each count below, in Palm Beach County, in the Southern District of Florida, and elsewhere, the defendants,

**LUKNER BLANC,
JEAN JUSTE,
a/k/a "Junior,"
a/k/a "Shorty," and
BENOIT PLACIDE,
a/k/a "Snow,"
a/k/a "Mario,"**

did knowingly, and with intent to defraud, devise and intend to devise a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, and for the purpose of executing such scheme and artifice to

11

defraud, did transmit and cause to be transmitted, by means of wire communications in interstate commerce, certain writings, signs, signals, pictures and sounds.

### PURPOSE AND OBJECT OF THE SCHEME AND ARTFICE TO DEFRAUD

45.     It was the purpose and object of the scheme and artifice to defraud for the defendants and their co-conspirators to unjustly enrich themselves by stealing the identities of real persons, that is, names, dates of birth, and Social Security account numbers, and then using such information to file fraudulent federal income tax returns by wire, seeking tax refunds to which they were not entitled, and to obtain Western Union debit cards, and bank debit cards which they used to obtain stolen monies and to obtain goods and services.

### PURPOSE AND MANNER AND MEANS OF THE SCHEME AND ARTIFICE

46.     Paragraphs 7 through 10 of the Indictment are incorporated by reference as though fully stated herein, as  the manner and means of the scheme and artifice.

### USE OF THE WIRES

47.     On or about the dates specified as to each count below, in Palm Beach County, in the Southern District of Florida, and elsewhere, the defendants identified in each count below, for  the purpose of executing the aforesaid scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, did knowingly transmit and cause to be transmitted in interstate commerce, by means of wire communication, certain writings, signs, signals, pictures, and sounds, as described hereafter:

| COUNT | DATE | DEFENDANT | WIRE |
|---|---|---|---|
| 11 | November 1, 2012 | **LUKNER BLANC JEAN JUSTE BENOIT PLACIDE** | Electronic transmission of fraudulent federal income tax return, in the name of "V.J." from West Palm Beach, FL to the IRS in Pennsylvania |
| 12 | November 1, 2012 | **LUKNER BLANC JEAN JUSTE BENOIT PLACIDE** | Electronic transmission of fraudulent federal income tax return, in the name of "I.J.B." from West Palm Beach, FL to the IRS in Pennsylvania |
| 13 | November 1, 2012 | **LUKNER BLANC JEAN JUSTE BENOIT PLACIDE** | Electronic transmission of fraudulent federal income tax return, in the name of "J.J." from West Palm Beach, FL to the IRS in Pennsylvania |
| 14 | November 2, 2012 | **LUKNER BLANC JEAN JUSTE BENOIT PLACIDE** | Electronic transmission of fraudulent federal income tax return, in the name of "J.S." from West Palm Beach, FL to the IRS in Pennsylvania |
| 15 | November 2, 2012 | **LUKNER BLANC JEAN JUSTE BENOIT PLACIDE** | Electronic transmission of fraudulent federal income tax return, in the name of "S.M." from West Palm Beach, FL to the IRS in Pennsylvania |

All in violation of Title 18, United States Code, Sections 1343 and 2.

**Counts 16 - 20**
Aggravated Identity Theft Related to Conspiracy to Commit Wire Fraud
(18 U.S.C. §1028A(a)(1))

48.  On the dates set forth as to each count below, in Palm Beach County, in the Southern District of Florida, and elsewhere, the defendants listed as to each count below, during and in relation to a felony violation of Title 18, United States Code, Section 1343, that is, wire fraud, did knowingly transfer, possess, and use, without lawful authority, the means of identification of

13

another person, that is, the Social Security account number and taxpayer name as listed in each count below:

| COUNT | DATE | DEFENDANT | MEANS OF IDENTIFICATION |
|---|---|---|---|
| 16 | November 1, 2012 | JEAN JUSTE BENOIT PLACIDE LUKNER BLANC | Social Security account number xxx-xx-9173 and name of "V.J." |
| 17 | November 1, 2012 | JEAN JUSTE BENOIT PLACIDE LUKNER BLANC | Social Security account number xxx-xx-1784 and name of "I.J.B." |
| 18 | November 1, 2012 | JEAN JUSTE BENOIT PLACIDE LUKNER BLANC | Social Security account number xxx-xx-5110 and name of "J.J." |
| 19 | November 2, 2012 | JEAN JUSTE BENOIT PLACIDE LUKNER BLANC | Social Security account number xxx-xx-4858 and name "J.S." |
| 20 | November 2, 2012 | JEAN JUSTE BENOIT PLACIDE LUKNER BLANC | Social Security account number xxx-xx-2939 and name "S.M." |

All in violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.

**Count 21**
Perjury
(18 U.S.C. § 1623(a))

49. On or about October 1, 2013, at West Palm Beach, Palm Beach County, in the Southern District of Florida, the defendant,

**MARIE CLAUDE,**

while under oath and testifying before Federal Grand Jury 13-01 (WPB), did knowingly make a false material declaration as follows:

50. At the time and place aforesaid, the Grand Jury was conducting an investigation into the submission of fraudulent federal income tax refund claims with stolen identities to the

14

Internal Revenue Service, and attempting to identify the persons responsible for knowingly receiving, concealing and retaining these stolen government refund monies with the intent to convert such to their own use.

51.   It was material to the  investigation to determine whether **MARIE CLAUDE** had ever opened a bank account and if so, whether she had provided  her bank account information to third parties to assist in receiving, concealing and converting stolen government refunds to their own use.

52. At the time and place alleged in paragraph 49 above, **MARIE CLAUDE**, appearing as a witness under oath before the Grand Jury, knowingly made the following declaration in response to questions with respect to a material matter:

Q: Look on the screen.  What's displayed is MG-7. I'm going to turn off the lights so that we can see this better. This is a Visa debit card at Regions Bank and that is your name, correct?

A: Yes.

Q: You deny that you ever opened this account or ever had this debit card?

A: Yes.

Q: During the last four years, has anyone ever asked you to open up a financial account that they would then utilize to conduct transactions that were for their financial benefit rather than you?

A: No.

Q: The Regions Bank account records that I showed you, prior to today, did you ever have any knowledge that that account had been opened in your name with your correct residential address for you listed?

A: No, because I never received anything.

Q: Is it your testimony under oath that you, in fact, did not open that Regions Bank

account?

A: No.

Q: No, meaning you did not open the account?

A: No, I didn't open it.

53.   The aforesaid testimony of **MARIE CLAUDE**, as she then and there well knew and

believed, was false in that on or about September 18, 2012, **MARIE CLAUDE** had opened a

checking account at Regions Bank with her identification.

All in violation of Title 18, United States Code, Section 1623(a).

**Count 22**
Perjury
(18 U.S.C. § 1623(a))

54.   On or about October 1, 2013, at West Palm Beach, Palm Beach County, in the

Southern District of Florida, the defendant,

**MARIE DEMESYEUX,**

while under oath and testifying before Federal Grand Jury 13-01 (WPB), did knowingly make a

false material declaration as follows:

55.   At the time and place aforesaid, the Grand Jury was conducting an investigation into

the submission of fraudulent federal income tax refund claims with stolen identities to the

Internal Revenue Service, and attempting to identify the persons responsible for knowingly

receiving, concealing and retaining these stolen government refund monies with the intent to

convert such to their own use.

56.   It was material to the aforesaid investigation to determine whether **MARIE**

**DEMESYEUX** had ever opened a bank account, and if so, whether she had provided her bank

account information to third parties to assist in receiving, concealing and converting stolen government refunds to their own use.

57.   At the time and place alleged in paragraph 54 above, **MARIE DEMESYEUX** appearing as a witness under oath before the Grand Jury, knowingly made the following declaration in response to questions with respect to a material matter:

Q: Have you ever provided your account number to any third party for your checking account?  Have you ever given that out?

A: Never. I would never give anyone my stuff.

Q: And is it your testimony under oath that you never gave out your account number to any other person for any other purpose at all?

A: I swear I've never given my account number to anyone.

58.   The aforesaid testimony of **MARIE DEMESYEUX**, as she then and there well knew and believed, was false in that on or about September 12, 2012, **MARIE DEMESYEUX** had given her bank account account number to a third person.

All in violation of Title 18, United States Code, Section 1623(a).

A TRUE BILL.

_____
FOREPERSON

_____
WIFREDO A. FERRER
UNITED STATES ATTORNEY

_____
STEPHEN CARLTON
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE NO.   14-80114-CR-HURLEY/ HOPKINS |
| vs. | **CERTIFICATE OF TRIAL ATTORNEY\*** |
| LUKNER BLANC, et al | |

_____ Defendants. /

**Superseding Case Information:**

**Court Division**: (Select One)

Miami _____ Key West _____
FTL _____ WPB __X__ FTP _____

New Defendant(s)     Yes _____
Number of New Defendants _____
Total number of counts _____

I do hereby certify that:

1.    I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2.    I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3.    Interpreter:    (Yes or No)    __Yes__
     List language and/or dialect   __Creole__

4.    This case will take   __11__   days for the parties to try.

5.    Please check appropriate category and type of offense listed below:

     (Check only one)                       (Check only one)

| I | 0 to 5 days | _____ | Petty | _____ |
|---|---|---|---|---|
| II | 6 to 10 days | _____ | Minor | _____ |
| III | 11 to 20 days | __X__ | Misdem. | _____ |
| IV | 21 to 60 days | _____ | Felony | __X__ |
| V | 61 days and over | | | |

6.    Has this case been previously filed in this District Court? (Yes or No)    __No__
If yes:
Judge: _____    Case No. _____
(Attach copy of dispositive order)
Has a complaint been filed in this matter?   (Yes or No)   __No__
If yes:   Magistrate Case No. _____
Related Miscellaneous numbers: _____
Defendant(s) in federal custody as of _____
Defendant(s) in state custody as of   __Blanc: 10/30/2012__
Rule 20 from the _____    District of _____

Is this a potential death penalty case? (Yes or No) _____ Yes    __X__ No

7.    Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003? _____ Yes   __X__ No

8.    Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to September 1, 2007? _____ Yes   __X__ No

                 _____
                 STEPHEN CARLTON
                 ASSISTANT UNITED STATES ATTORNEY
                 Admin No. A5500011

\*Penalty Sheet(s) attached

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## PENALTY SHEET

Defendant's Name:   LUKNER BLANC

Case No.   14-80114-CR-HURLEY/HOPKINS

Count # 1:
18 USC § 371

Conspiracy to Steal Government Funds

*Max. Penalty: 5 Years' Imprisonment; Fine of $250,000 or twice the gross gain or loss resulting from the offense, whichever is greater; 3 years' Supervised Release

Counts # 2, 5. 6:
18 USC § 641

Theft of Government Money

*Max. Penalty: 10 years' Imprisonment; Fine of $250,000 or twice the gross gain or loss resulting from the offense, whichever is greater; 3 years' Supervised Release

Counts # 7-10; 16-20:
18 USC § 1028A(a)(1)

Aggravated Identity Theft

*Max. Penalty: 2 years' Imprisonment consecutive to any other sentence; $250,000 Fine; 1 year Supervised Release

Counts # 11-15:
18 USC § 1343

Wire Fraud

*Max. Penalty: 20 years' Imprisonment; Fine of $250,000 or twice the gross gain or loss resulting from the offense, whichever is greater; 3 years' Supervised Release

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

REV. 12/12/96

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# PENALTY SHEET

Defendant's Name:   <u>FRANK FLEUZINORD</u>

Case No.   <u>14-80114-CR-HURLEY/ HOPKINS</u>

Count # 1:

<u>18 USC § 371</u>

<u>Conspiracy to Steal Government Funds</u>

*Max. Penalty: <u>5 Years' Imprisonment; Fine of $250,000 or twice the gross gain or loss resulting from the offense, whichever is greater; 3 years' Supervised Release</u>

Counts # 7-8:

<u>18 USC § 1028A(a)(1)</u>

<u>Aggravated Identity Theft</u>

*Max. Penalty: <u>Mandatory 2 years' Imprisonment consecutive to any other sentence; $250,000 Fine; 1 year Supervised Release;</u>

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

REV. 12/12/96

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# PENALTY SHEET

Defendant's Name:   <u>JEAN JUSTE, a/k/a "Junior", a/k/a "Shorty",</u>

Case No.   <u>14-80114-CR-HURLEY /HOPKINS</u>

Count # 1:

<u>18 USC § 371</u>

<u>Conspiracy to Steal Government Funds</u>

*Max. Penalty: <u>5 Years' Imprisonment; Fine of $250,000 or twice the gross gain or loss resulting from the offense, whichever is greater; 3 years' Supervised Release</u>

Count #4:

<u>18 USC § 641</u>

<u>Theft of Government Money</u>

*Max. Penalty: <u>10 Years' Imprisonment; Fine of $250,000 or twice the gross gain or loss resulting from the offense, whichever is greater; 3 years' Supervised Release</u>

Counts # 11-15:

<u>18 USC § 1343</u>

<u>Wire Fraud</u>

*Max. Penalty: <u>20 Years' Imprisonment; Fine of $250,000 or twice the gross gain or loss resulting from the offense, whichever is greater; 3 years' Supervised Release</u>

Counts # 16-20:

<u>18 USC § 1028A(a)(1)</u>

<u>Aggravated Identity Theft</u>

*Max. Penalty: <u>Mandatory 2 years' Imprisonment consecutive to any other sentence; $250,000 Fine; 1 year Supervised release;</u>

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

REV. 12/12/96

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# PENALTY SHEET

Defendant's Name:   BENOIT PLACIDE, a/k/a "Snow", a/k/a "Mario",

Case No.   14-80114-CR-HURLEY/HOPKINS

Count # 1:

     18 USC § 371

     Conspiracy to Steal Government Funds

*Max. Penalty: 5 Years' Imprisonment; Fine of $250,000 or twice the gross gain or loss resulting from the offense, whichever is greater; 3 years' Supervised Release;

Counts # 11-15:

     18 USC § 1343

     Wire Fraud

*Max. Penalty: 20 years' Imprisonment; Fine of $250,000 or twice the gross gain or loss resulting from the offense, whichever is greater; 3 years' Supervised Release;

Counts # 16-20:

     18 USC § 1028A(a)(1)

     Aggravated Identity Theft

*Max. Penalty: Mandatory 2 years' Imprisonment consecutive to any other sentence; $250,000 Fine; 1 year Supervised Release;

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

REV. 12/12/96

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# PENALTY SHEET

Defendant's Name:   SHELDA PHADAEL

Case No.   14-80114-CR-HURLEY/HOPKINS

Count # 1:

18 USC § 371

Conspiracy to Steal Government Funds

*Max. Penalty: 5 Years' Imprisment; Fine of $250,000 or twice the gross gain or loss resulting from the offense, whichever is greater; 3 years' Supervised Release

Count 3:

18 USC § 641

Theft of Government Money

*Max. Penalty: 10 years' Imprisoment; Fine of $250,000 or twice the gross gain or loss resulting from the offense, whichever is greater; 3 years' Supervised Release;

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

REV. 12/12/96

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# PENALTY SHEET

Defendant's Name:   MARIE CLAUDE

Case No.   14-80114-CR-HURLEY/HOPKINS

Count # 1:

18 USC § 371

Conspiracy to Steal Government Funds

*Max. Penalty: 5 Years' Imprisonment; Fine of $250,000 or twice the gross gain or loss resulting from the offense, whichever is greater; 3 years' Supervised Release;

Count # 42:

18 USC § 1623

Perjury

*Max. Penalty: 5 Years' Imprisonment; $250,000 Fine; 3 years' Supervised Release;

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

REV. 12/12/96

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### PENALTY SHEET

Defendant's Name: <u>MARIE DEMESYEUX</u>

Case No. <u>14–80114–CR–HURLEY/HOPKINS</u>

Count # 1:

<u>18 USC § 371</u>

<u>Conspiracy to Steal Government Funds</u>

*Max. Penalty: <u>5 Years' Imprisonment; Fine of $250,000 or twice the gross gain or loss resulting from the offense, whichever is greater; 3 years' Supervised Release;</u>

Count # 22:

<u>18 USC § 1623</u>

<u>Perjury</u>

*Max. Penalty: <u>5 Years' Imprisonment; $250,000 Fine; 3 years' Supervised Release</u>

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

REV. 12/12/96